IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40337
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE PONCE-GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-991-1
--------------------
December 10, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Ponce-Garcia entered a guilty plea to one count of knowingly transporting an undocumented alien within the United States.  He reserved the right to challenge the district court's denial of his motion to suppress.  The district court sentenced Ponce-Garcia to serve twelve months and one day in prison and three years of supervised release.

Ponce-Garcia contends that the Border Patrol agents did not have reasonable suspicion to stop the vehicle he was driving.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's factual findings for clear error, and its legal conclusions, including whether there was reasonable suspicion, de novo. United States v. Espinosa-Alvarado, 302 F.3d 304, 305 n.1 (5th Cir. 2002). A Border Patrol agent on roving patrol may stop a vehicle "only if the agent is aware of specific articulable facts" that support a reasonable suspicion that the vehicle is being used for criminal activity. Espinosa-Alvarado, 302 F.3d at 305-06. We consider the "'totality of the circumstances'" in making this determination. Id. The factors we consider include: (1) the characteristics of an area, (2) the agent's experience with criminal activity, (3) the proximity of the area to the border, (4) the usual traffic patterns of the road, (5) the recent illegal trafficking in the area, (6) the behavior of the driver, (7) the appearance of the vehicle, and (8) the number, appearance and behavior of the passengers. Id. No single factor, nor the absence of a particular factor, controls the conclusion. Id.

Ponce-Garcia's vehicle activated two road sensors as it traveled north on a dirt road at 2:00 a.m. The road is located twenty-two miles from the border and is known as a route that is used to circumvent a permanent checkpoint. The vehicle was riding low to the ground despite the number of occupants visualized. Experienced Border Patrol agents who are familiar with the area, the sparse traffic that travels that particular road at that time of day, and the illegal activity that occurs

there, and who did not recognize Ponce-Garcia's vehicle made the stop. When the agents began following his vehicle, Ponce-Garcia maneuvered his vehicle onto the shoulder of the road and toward a fence before driving back onto the road. The evidence established that persons who are transporting illegal aliens and who are attempting to evade detection often drive off the road and into the fence to enable an escape.

The facts viewed in the totality of the circumstances support the conclusion that the Border Patrol agents had a reasonable suspicion to make the stop. See Espinosa-Alvarado, 302 F.3d at 305-06. Accordingly, the judgment of the district court is AFFIRMED.